1  Mark Tratos (NV Bar No. 1086)
2  Laraine M.I. Burrell (NV Bar No. 8771)
   GREENBERG TRAURIG, LLP
3  3773 Howard Hughes Parkway, Suite 400 North
   Las Vegas, Nevada 89169
4  Telephone:  (702) 792-3773
   Facsimile:   (702) 792-9002
5  Email: tratosm@gtlaw.com;
               burrell@gtlaw.com
6  *Attorneys for Plaintiff*

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF NEVADA

9  ALYSSA IRENE GORHAM, an individual,

10              Plaintiff,                    Case No. 2:13-cv-01337-JCM-NJK

11  v.

12  MICHAEL STEPHENS, an individual,          **SECOND
                                              PRELIMINARY INJUNCTION
13              Defendant.                    ORDER**

14

15         Pending before the court is plaintiff's motion for preliminary injunction.  Plaintiff alleges

16  ten causes of action, injunctive relief and damages.  The causes of action are:  (1) cybersquatting

17  under 15 U.S.C. § 1125(d); (2) online harassment; (3) defamation (4) fraud/fraud in the

18  inducement; (5) business disparagement (6) intentional interference with prospective economic

19  advantage; (7) breach of fiduciary duty; (8) intentional infliction of emotional distress; (9) Nevada

20  state trademark infringement; and (10) common law trademark infringement.

21         A hearing on the motion for preliminary injunction was conducted on August 8, 2013 at

22  11:00 a.m.  The defendant was given notice of the hearing through electronic mail as authorized

23  by the court.  Defendant has failed to respond to the motion for preliminary injunction or appear

24  for the hearing.

25         Upon consideration of the motion filed by plaintiff Alyssa Irene Gorham ("plaintiff"),

26  requesting a preliminary injunction requiring defendant Michael Stephens ("defendant") to

27  immediately cease and desist all use of the <www.fortuneaffairs.com> <www.alyssairene.com>,

28  and <www.alyssafortune.com>  domain names (the "infringing domain names") and plaintiff's

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

*LV 420050822v2*

mark and requiring the domain name registrar to lock the domain names at issue, and argument of plaintiff's counsel that the content concerning plaintiff and linked to the infringing domain names was posted using "Google Images",  the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown:

THE COURT FINDS AND CONCLUDES THAT:

1.     This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2.     The court has personal jurisdiction over the defendant and that defendant resides in the State of Nevada and/or defendant committed tortious acts that he knew or should have known would cause injury to plaintiff in the State of Nevada.

3.     Plaintiff's legal name is Alyssa Irene Gorham.  Plaintiff has made extensive use of the FORTUNE AFFAIRS marks in relation to event planning services and marketing materials, and has obtained a Nevada state registration for FORTUNE AFFAIRS.

4.     Defendant has registered the infringing domain names incorporating plaintiff's legal and business names;

5.     Defendant has linked these domain names to a website displaying negative information concerning the plaintiff, and which invites others to submit negative information to the website's operator – the defendant;

6.     Defendant has used plaintiff's marks as part of the internet domain names <www.fortuneaffairs.com> <www.alyssairene.com>,  and  <www.alyssafortune.com>  without plaintiff's authority or permission.

7.     Defendant has posted negative photographs and other materials concerning the plaintiff on the Internet and linked these negative materials to the infringing domain names using Google.com and/or Google Images.

8.     A preliminary injunction may be issued if plaintiff establishes: (1) the plaintiff will probably prevail on the merits; (2) plaintiff will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008).  Alternatively, an injunction

-2-

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)

9.    "An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. V. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

10.    A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) identical or confusingly similar to or dilutive of a mark that is famous at the time of the use of the domain registration.  16 U.S.C. § 1126(d).

11.    After consideration of the motion and plaintiff's complaint, and accompanying exhibits, the court finds and concludes plaintiff is likely to succeed on the merits of her claims under the Lanham Act that the <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com> domain names demonstrate a bad faith intent to profit from the FORTUNE AFFAIRS mark and that the <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com> domain names are  confusingly similar to the plaintiff's mark, which was distinctive or famous at the time of the domain registrations.

12.    Plaintiff has demonstrated a likelihood of success on the merits of her cybersquatting claims against defendants under the Lanham Act, 15 U.S.C. § 1125(d).

13.    Plaintiff has also demonstrated a likelihood of success on the merits of her trademark infringement claims against defendant under the Lanham Act, 15 U.S.C. § 1114.

14.    Plaintiff has also demonstrated a likelihood of success on the merits of her unfair competition claims against defendant under the Lanham Act, 15 U.S.C. § 1125(a).

15.    Plaintiff will suffer irreparable injury if the court does not require the domain name registrar   enom.com   (the   "registrar")   to   lock   the   <www.fortuneaffairs.com> <www.alyssairene.com>,  and  <www.alyssafortune.com>  infringing  domain  names  pending

-3-

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

litigation of this matter.

16.     Plaintiff has demonstrated that she will suffer irreparable harm if a preliminary injunction is not entered because defendant could transfer the infringing domain names to another registrant or registrar.   Transfer of the infringing domain names to another registrant would deprive the court of jurisdiction and require plaintiff to file additional suits to recover its intellectual property.   Transfer of the infringing domain names to another registrar would require plaintiff to expend significant effort and financial resources to track the registration.

17.     Plaintiff has demonstrated that she will suffer irreparable harm if Google.com and/or Google Images does not immediately remove from the Internet the negative images and information concerning the plaintiff and which is linked to the <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com> infringing domain names pending litigation of this matter.

18.     The balance of hardships tips in favor of plaintiff because issuance of the injunction would merely lock the domain names pending trial, and failure to issue the injunction would cause plaintiff to suffer irreparable injury to her name and marks and the associated goodwill if defendant is not enjoined from registering, maintaining the registration on or using domain names containing plaintiff's marks or marks confusingly similar thereto.

19.     There is no likelihood of harm to the public from the preliminary injunction now being granted.

IT IS THEREFORE ORDER, ADJUDGED AND DECREED that:   the application for preliminary injunction is hereby GRANTED:

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com> shall be immediately locked and/or remain locked by the registrar and/or its successor registrars pending the resolution of this action;

IT IS FURTHER ORDERED that defendant, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with him, or any of them, are prohibited from (1) using plaintiff's trademarks or confusingly similar variations thereof, alone or

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

-4-

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites and in domain names); and (2) registering, owning, leasing, selling or trafficking in any domain names containing plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs; and that defendant are prohibited from transferring the domain names <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com> during the pendency of this action or until further order of the court.

IT IS FURTHER ORDERED that the registrar and/or its successor registrar remove all exhibiting domain name servers (DNS) entries and corresponding addresses, and enter the registrar's default DNS and address entries to prevent further damage caused by the infringing use of the infringing domain names.

IT IS FURTHER ORDERED that the persons or entity controlling Google.com and/or Google Images immediately remove any and all information concerning the plaintiff and linked to the domain names and correlating websites at <www.fortuneaffairs.com> <www.alyssairene.com>, and <www.alyssafortune.com>.

IT IS FURTHER ORDERED that defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon plaintiff within thirty (30) days after entry of this order, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with this court's order; and

IT IS FURTHER ORDERED that the bond posted with this court in the amount of one hundred and no/100 dollars ($100.00) shall be applied to this preliminary injunction.

The Court permits service of the preliminary injunction by electronic mail in addition to effectuating service as required by Fed.R.Civ. P. 4 & 5.

DATED August 12, 2013.

_____
UNITED STATES DISTRICT JUDGE

*LV 420050822v2*

1

2

Respectfully submitted by:

3

GREENBERG TRAURIG, LLP

4

/s/ Laraine M.I. Burrell

5
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)

6
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North

7
Las Vegas, Nevada 89169
*Counsel for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*LV 420050822v2*

-6-