UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|   |   |
|---|---|
| ALYSSA IRENE GORHAM,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>MICHAEL STEPHENS,<br><br>                    Defendant(s). | Case No. 2:13-cv-01337-JCM-NJK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO SERVE AND TO SERVE BY PUBLICATION<br><br>(Docket No. 29) |

Pending before the Court is Plaintiff's motion for an extension to attempt to serve Defendant and for leave to serve Defendant by publication. Docket No. 29. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED** in part and **DENIED** in part.

A.  Service by Publication

The pending motion seeks an order allowing Plaintiff to complete service by publication on Defendant.[1] Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is disfavored. *See, e.g.*, *Trustees of the Nev.*

---

[1] Plaintiff also seeks an order allowing her to serve Defendant by email. Plaintiff has failed to cite to a rule or other legal authority allowing service by email. Accordingly, the Court focuses its analysis on whether service by publication is proper.

*Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to personally serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

The Court finds the present record insufficient to order service by publication. As an initial matter, the motion is not accompanied by an affidavit outlining the steps taken to serve Defendant as required by the applicable rules. Even if that were not the case, the facts articulated are insufficient at this point to allow service by publication. Plaintiff did hire a private investigator to conduct a skip trace in an attempt to locate Defendant. *See* Docket No. 29 at 2. But it is not clear from the papers that Defendant actually lived at the address found. Instead, Plaintiff asserts that his stepmother was served at that address. *Id.*[2] Plaintiff fails to show that she made simple additional efforts to locate Defendant, such as inquiring with his stepmother as to his current residence. Moreover, Plaintiff asserts without

---

[2] Plaintiff asserts that she believes this attempted service actually effectuated service on Defendant. At this point and based on the record before it, the Court expresses no opinion as to that contention.

elaboration that her prior attorneys "conducted many searches for Defendant but could not find him." *Id*. The Court cannot meaningfully address such a contention without the facts detailing the searches conducted. Plaintiff similarly asserts that her attorneys emailed the summons and complaint to Defendant, and that he opened the email. *Id*. But this assertion is made simply by reference to what Plaintiff was told by her attorneys without any declaration or evidentiary support.

The Court is mindful that Plaintiff is proceeding in this case *pro se*, but she must nonetheless provide further detail as to the efforts made to serve Defendant before the Court can find that sufficient due diligence has occurred sufficient to deprive Defendant of his fundamental right to due process. Such detail should be provided in the form of a sworn affidavit rather than statements in a memorandum of points and authorities.

B.    Extension

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* F.R.C.P. 4(m). The Court finds good cause exists for a an extension to August 1, 2014 to conduct further due diligence in attempting to serve Defendant.

C.    Conclusion

For the reasons discussed more fully above, the pending motion is **GRANTED** in part and **DENIED** in part. Plaintiff's motion for an order allowing service by publication is **DENIED** without prejudice. Nonetheless, Plaintiff's motion for an extension is **GRANTED** and the deadline to serve Defendant is hereby **EXTENDED** to August 1, 2014. If Plaintiff is unable to serve Defendant by that date, she may file a renewed motion for service by publication explaining in detail the steps that have been taken to locate and serve Defendant.

IT IS SO ORDERED.

DATED: June 10, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge