UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALYSSA IRENE GORHAM,<br><br>                Plaintiff(s),<br><br>vs.<br><br>MICHAEL STEPHENS,<br><br>                Defendant(s). | Case No. 2:13-cv-01337-JCM-NJK<br><br>ORDER GRANTING MOTION TO EXTEND TIME TO SERVE AND TO SERVE BY PUBLICATION<br><br>(Docket No. 32) |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant and for leave to serve him by publication. Docket No. 32. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED**.

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* F.R.C.P. 4(m). Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon

defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. N.R.C.P. 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiff has diligently attempted to locate Defendant to enable service. *See, e.g.*, Docket No. 32 at 2-3, Exhs. A, C. For example, Plaintiff has reached out to numerous individuals familiar with Defendant in an attempt to find his whereabouts, in addition to attempting to contact him through his website. Moreover, Plaintiff hired a process server who also attempted to locate Defendant through several means, including talking to his step-mother and otherwise trying to locate him through information derived from a skip trace. The Court will therefore permit Plaintiff to serve Defendant by publication. Because service by publication takes several weeks, the Court will also extend the service deadline.

Accordingly, the Court **GRANTS** the motion for service by publication. The deadline to serve Defendant by publication is extended to October 31, 2014. Plaintiffs shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

  (a) Serve Defendant by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

  (b) After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada newspaper.

1    For the reasons discussed above, the pending motion to extend the deadline to serve and for
2 service by publication is hereby **GRANTED**.
3    IT IS SO ORDERED.
4    DATED: August 26, 2014

```
                                        _____
                                        NANCY J. KOPPE
                                        United States Magistrate Judge
```