Alyssa Irene Gorham
P.O. Box 81363
Las Vegas, Nevada 89180
Email: AlyssaIrene@yahoo.com
Appearing Personally for Herself

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 2 7 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALYSSA IRENE GORHAM, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL STEPHENS, an individual,<br><br>Defendant | Case No. 2:13-cv-01337-JCM-NJK<br><br>**ORDER GRANTING PERMANENT INJUNCTION** |

In an Order dated November 25, 2014 (Doc. 38), this Court granted a default judgment and a permanent injunction in accordance with the preliminary injunction granted on August 12, 2013 (Doc. 38) and the evidence submitted in the proceedings leading to the issuance of the preliminary injunction. This Order sets forth the Permanent Injunction.

THE COURT FINDS AND CONCLUDES THAT:

1. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. The court has personal jurisdiction over Defendant and that Defendant resides in the State of Nevada and/or Defendant committed tortuous acts that he knew or should have known would cause injury to plaintiff in the State of Nevada.

3. Plaintiff's legal name is Alyssa Irene Gorham.  Plaintiff has made extensive use of the FORTUNE AFFAIRS marks in relation to event planning services and marketing materials, and has obtained a Nevada state registration for FORTUNE AFFAIRS.

1

4. Defendant had registered the infringing domain names incorporating Plaintiff's legal and business names.

5. Defendant had linked these domain names to a website displaying negative information concerning Plaintiff and invited others to submit negative information to the website's operator – the Defendant.

6. Defendant used Plaintiff's marks as part of the internet domain names <www.fortuneaffairs.com>, <www.alyssairene.com> and <www.alyssafortune.com> without Plaintiff's authority or permission.

7. Defendant posted negative photographs and other materials concerning the plaintiff on the Internet and linked these negative materials to the infringing domain names using Google.com and/or Google Images and other search engines.

8. A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) identical or confusingly similar to or dilutive of a mark that is famous at the time of the use of the domain registration. 16 U.S.C. § 1126(d).

9. After consideration the motions and evidence presented in the plaintiff's complaint, and accompanying exhibits, and in the other papers on file in this case, the court finds and concludes plaintiff has claims under the Lanham Act that Defendant used the <www.fortuneaffairs.com>, <www.alyssairene.com> and <www.alyssafortune.com> domain names with a bad faith intent to profit from the FORTUNE AFFAIRS mark and that the <www.fortuneaffairs.com>, <www.alyssairene.com> and <www.alyssafortune.com> domain names are confusingly similar to the Plaintiff's mark, which was distinctive or famous at the time of the domain registrations.

10. Plaintiff has claims against Defendant for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d).

11. Plaintiff also has trademark infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114.

12. Plaintiff also has unfair competition claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

13. Plaintiff will suffer irreparable injury if the court does not prohibit the use of the <www.fortuneaffairs.com>, <www.alyssairene.com> and <www.alyssafortune.com> infringing domain names by Defendant.

14. Plaintiff will suffer irreparable harm if defendant could transfer the infringing domain names to another registrant or registrar or set up new websites in a similar manner to disseminate the same material.

15. Plaintiff has demonstrated that she will suffer irreparable harm if search engines or web servers assist dissemination of the Defendant's negative images and allegations concerning the Plaintiff.

16. There is no likelihood of harm to the Defendant or the public from the permanent injunction now being granted.

17. The Declaration of Patrick Dehkordi (Doc. 26) sets forth that the defendant had not merely published the material on the web in a standard manner. The defendant had used deceptive means to inflate the search results through artificial backlinks coming from hundreds of rogue websites to link false and defamatory material with Plaintiff and to increase the likelihood of her name and the objectionable websites appearing in popular search engines.

18. The Declaration of Patrick Dehkordi also documents the ways in which Google, Yahoo, and Microsoft as search engines and Hosting 24 as the owner of the serving computer were able to take down the websites with the Defendant's negative materials.

3

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <www.fortuneaffairs.com>, <www.alyssairene.com> and <www.alyssafortune.com> shall be immediately locked and/or remain locked by the registrar and/or its successor registrars from use by anyone other than the Plaintiff;

IT IS FURTHER ORDERED that defendant, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with him, or any of them, are prohibited (1) from using plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites and in domain names); and (2) from registering, owning, leasing, selling or trafficking in any domain names containing plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs.

IT IS FURTHER ORDERED that on the basis of this permanent injunction, any new infringing website in the future shall be prohibited from showing the Defendant's negative materials just as the websites identified in this case have been disabled (as described in the Declaration of Patrick Dehkordi and Paragraph 18 of this Order).

Dated January 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

Submitted by

_____
Alyssa Irene Gorham
P.O. Box 81363
Las Vegas, Nevada 89180
Email: AlyssaIrene@yahoo.com
Appearing Personally for Herself